UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaun Wiles, # 284696, *formerly* # SK5248, *a/k/a* Shaun Wayne Wiles, <br><br>  Petitioner, <br><br> vs. <br><br> Bernard McKie, <br><br>  Respondent. | ) C/A No.: 9:13-2859-MGL-BM <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

Petitioner has filed this matter pursuant to 28 U.S.C. § 2254. The conviction and sentence which petitioner challenges arose from a prison disciplinary proceeding wherein the petitioner was charged with throwing a substance on an employee in violation of policy established by the South Carolina Department of Corrections ("SCDC"). After a hearing before a Disciplinary Hearing Officer (DHO) the petitioner was found guilty of the offense. Petitioner was sentenced to a loss of sixty (60) days of "good time credit." Petitioner filed Step 1 and Step 2 grievances in compliance with SCDC's inmate grievance system. These grievances were denied. Petitioner then filed an appeal to the Administrative Law Court (ALC) which was also denied. Petitioner now seeks review of the ALC decision.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following

1



precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* Petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a Petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

   The relief which Petitioner seeks is exclusively available in a petition for writ of habeas corpus. *See* Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("When a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see generally, Wilkinson v. Dotson, 544 U.S. 74, 78-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005) (summarizing the distinctions between § 1983 and habeas actions). In addition to the requirement of administrative exhaustion under 42 U.S.C. § 1997e, habeas review also requires exhaustion of state court remedies. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Picard v. Connor, 404 U.S.

2



270 (1971). The § 2254 exhaustion requirement is satisfied by seeking review of the claim in the highest state court with appellate jurisdiction to consider the claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)(state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition).[1]

In South Carolina, the state Supreme Court has explicitly held that, as far as federal habeas corpus review of state criminal convictions or post-conviction relief matters is concerned, the discretionary review by the South Carolina Supreme Court of Court of Appeals cases referenced in the South Carolina Appellate Court Rules ("SCACR") 242 falls "outside of South Carolina's 'ordinary appellate procedure'" and that invocation of this review is not required to exhaust state court remedies for § 2254 purposes. State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850 (2002) (quoting O'Sullivan); see In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (1990). Accordingly, in keeping with

---

[1] Since O'Sullivan was decided, several federal courts have held that states may place an otherwise "available" state court remedy such as a final discretionary review by the state's highest court "outside the standard review procedures" but only if they do so by explicit rule, order, or opinion. Compare, Mattis v. Vaughn, 128 F. Supp. 2d 249 (E.D. Pa. 2001)(Pennsylvania; Supreme Court administrative order sufficiently placed otherwise "available" discretionary appeal "outside of the standard review procedures" in the criminal cases to exercise docket control and decline comity extended to it by federal law), aff'd, 80 F. App'x 154 (3d Cir. 2003), cert. denied, 540 U.S. 1223 (2004); Adams v. Holland, 330 F.3d 398 (6th Cir. 2003)(same; court rule in Tennessee), cert. denied, 541 U.S. 956 (2004); Randolph v. Kemma, 276 F.3d 401, 404 (8th Cir. 2002)(same; Missouri court rule); Crowell v. Knowles, 483 F. Supp. 2d 925 (D. Ariz. 2007)(same; Arizona court opinion) with Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999)(discretionary appeal to Supreme Court was available state court remedy with had to be exhausted); Hicks v. Wilson, No. 4:04CV84LS, 2006 WL 2372255 (S.D. Miss. June 13, 2006) (same in absence of explicit removal of discretionary appeal from "standard review process," prisoner must apply for such review).



existing state law, insofar as federal habeas corpus review of a disciplinary conviction is concerned, a prison inmate must pursue Step 1 and Step 2 SCDC grievances following the administrative decision, and must then appeal any denial of his Step 2 SCDC grievance to the state Administrative Law Court (ALC) pursuant to SCAPA. See S.C. Code Ann. § 1-23-380; SCACR 203(b)(6)(appeal of administrative decisions). If the inmate is unsatisfied at the ALC level, s/he must then pursue further judicial review by way of an appeal to the South Carolina Court of Appeals, S.C. Code Ann. § 1-23-610(B)(judicial review of ALC decisions involving single director agencies such as SCDC go to Court of Appeals).

Petitioner admits he did not file an appeal from the ALC to the South Carolina Court of Appeals. Although he challenges the procedures used by the adjustment committee, claiming the hearing was conducted in violation of administrative law and procedural due process because, as a mentally ill prisoner, he was not afforded a proper mental health screening as mandated by SCDC policy, his arguments are not sufficient to excuse his failure to present his claims to the South Carolina Court of Appeals. Brignac v. Woodford, No. Civ S-06-1650 LKK GGH P, 2006 WL 3349558 (E.D. Cal. November 16, 2006)(petitioner's allegation that failure to perform psychiatric evaluation, due to history of mental illness, before prison disciplinary hearings did not excuse petitioner's failure to present claims to the highest available state court).

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or

4



off

return), *cert. denied*, 400 U.S. 906 (1970); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Bristow Marchant
United States Magistrate Judge

November 20, 2013
Charleston, South Carolina

***The petitioner's attention is directed to the important notice on the next page.***



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

